**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 9 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSHUA LITTLE,

    Plaintiff-Appellant,

 v.

NANCY A. BERRYHILL, Acting
Commissioner Social Security,

    Defendant-Appellee.

No. 16-55285

D.C. No. 2:14-cv-07578-SP

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Sheri Pym, Magistrate Judge, Presiding[**]

Argued and Submitted November 13, 2017
Pasadena, California

Before:  HAWKINS, PARKER,[***] and IKUTA, Circuit Judges.

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 [**] The parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. §636(c).

 [***] The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

Joshua Little appeals the judgment affirming the decision of an administrative law judge ("ALJ") denying his applications for Child Insurance Benefits and Supplemental Security Income. We reverse and remand for further proceedings.

Social Security rulings require an ALJ to "consider and address medical source opinions" when assessing a claimant's residual functional capacity ("RFC"). SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). "If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." *Id.* Although an ALJ is not required to discuss every piece of medical evidence, the rejection of significant probative evidence must be explained. *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984).

Based on a claimant's RFC, an ALJ "has the burden to identify specific jobs existing in substantial numbers in the national economy that [a] claimant can perform." *Zavalin v. Colvin*, 778 F.3d 842, 845 (9th Cir. 2015) (quotation marks and citation omitted) (alteration in original). In making this determination, an ALJ relies on the Dictionary of Occupational Titles ("DOT"), a "primary source of reliable job information" for the Commissioner. *Terry v. Sullivan*, 903 F.2d 1273, 1276 (9th Cir. 1990); *see also* 20 C.F.R. § 404.1566(d)(1) (2017). "The DOT describes the requirements for each listed occupation, including the necessary General Educational Development ("GED") levels; that is 'aspects of education (formal and informal) . . . required of the worker for satisfactory job performance.'"

*Zavalin*, 778 F.3d at 846 (quoting *Dictionary of Occupational Titles, App'x C*, 1991 WL 688702 (4th ed. 1991)).

There are six GED Reasoning Levels that range from Level One (simplest) to Level Six (most complex). *Dictionary of Occupational Titles, App'x C*, 1991 WL 688702. The two lowest levels are:

- **Level One:** "Apply commonsense understanding to carry out simple one- or two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job." *Id.*

- **Level Two:** "Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations." *Id.*

Here, the ALJ did not explain why he rejected the Telford-Tyler limitation when he assessed that Little had an RFC to perform "simple work." The Telford-Tyler limitation—that Little could "understand, remember, and carry out simple 1–2 step instructions and work related procedures,"—conflicted with the less-restrictive Moran limitation that Little could follow "simple directions."

Specifically, the Telford-Tyler limitation limits Little to jobs with a Level One GED Reasoning Level, *see Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1003–04 (9th Cir. 2015), while the Moran limitation limits Little to jobs with a Level Two (or less) GED Reasoning Level, *see id.* at 1004 n.6 (listing cases). Despite the contradiction between the Telford-Tyler and Moran opinions, the ALJ

accorded both opinions "great weight" but then disregarded the limitation opined by Dr. Telford-Tyler in assessing Little's RFC. Although this contradiction may not have been obvious until *Rounds*, which was decided two years after the ALJ's decision, this timing does not absolve the ALJ's decision of error. *See, e.g.*, *Buck v. Berryhill*, 869 F.3d 1040, 1051 (9th Cir. 2017) (proceeding to a harmless error analysis because a 2013 ALJ decision was inconsistent with *Zavalin*, a 2015 case). Because the ALJ failed to explain how he resolved the conflict between the Telford-Tyler and Moran opinions, he erred.

This error is not harmless. The ALJ identified only two jobs that Little could perform; both jobs require greater reasoning abilities than those assessed to Little by Dr. Telford-Tyler. More specifically, had Little's RFC included the "simple one- to two-step instruction" language included in the Telford-Tyler limitation, *Rounds* dictates there would be an "apparent conflict" between Little's RFC and the ALJ's two identified jobs, both of which require a Level Two GED Reasoning Level. *See Dictionary of Occupational Titles* § 323.687-010, 1991 WL 672782 (hospital cleaner); *id.* § 922.687-058, 1991 WL 688132 (store laborer); *see also Rounds*, 807 F.3d at 1003–04. Because the ALJ failed to explain his basis for rejecting the Telford-Tyler limitation—or even recognize there was a conflict to resolve—the ALJ's error is not harmless.

4

The district court is directed to remand this case to the Commissioner for further proceedings consistent with this disposition.

**REVERSED AND REMANDED**.